**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Juliana Galson,<br>Plaintiff,<br>v.<br>Lithia Motors, Inc., et al.,<br>Defendants. | Case No. 2:26-cv-01647-JAD-NJK<br>**Order**<br>[Docket No. 24] |

Pending before the Court is the parties' renewed stipulation to extend discovery deadlines. Docket No. 24. The Court initially granted the parties a 210-day discovery period, longer than the presumptively-reasonable period, because they stated that they needed the extra time to schedule depositions, as well as, *inter alia*, obtain Plaintiff's medical records and retain experts. Docket No. 18. *See also* Docket No. 17 at 1-3. The parties now request a 60-day extension to all remaining discovery deadlines. Docket No. 24. The parties engaged in their Rule 26(f) conference on August 14, 2026, at which time they were free to begin discovery. *See* Docket No. 17 at 1. Nonetheless, Defendants served their initial disclosures after the Court-ordered deadline and the parties have barely conducted any discovery.[1] Docket No. 24 at 1-2.

A request to extend unexpired deadlines in the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure.[2] "The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 n.3 (D. Nev. 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)). Indeed, the Ninth Circuit has "repeatedly and emphatically addressed the importance of scheduling orders as tools for

[1] Further, despite the parties' statements that it would take an extended period of time to receive Plaintiff's medical records, it appears that, to date, they have not even subpoenaed them. *See* Docket No. 17 at 1-2; Docket No. 24 at 1-2.

[2] Such a request is also governed by Local Rule 26-3.

district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases). As articulated in one of those cases:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation omitted). Given the importance of scheduling orders and the well-established expectation that they be taken seriously, "enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *see also Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) ("Federal Rule of Civil Procedure 16 is to be taken seriously").

The Rule 16 good cause analysis for obtaining relief from the scheduling order turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson*, 975 F.2d at 609. "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*

"That a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams*, 627 F. Supp. 3d at 1178.

In short, the parties have failed to show diligence and, thus, good cause for the extension sought. The parties have engaged in scant discovery efforts and, further, the reasons for which they now request an extension are due to circumstances that they anticipated at the time they filed

their joint discovery plan. *See Jackson v. Laurete, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (good cause to modify case management deadlines must arise from the development of matters that could not have been reasonably foreseen or anticipated at the time the scheduling order issued).

Under the relevant case law, the Court would be justified in denying the parties' stipulation in its entirety due to the lack of good cause shown. Nonetheless, given the desire to resolve the case on its merits, the Court will allow this extension of the requested deadlines.

Accordingly, the parties' stipulation is **GRANTED**. Docket No. 24. Deadlines are hereby **RESET** as follows:

- Amend pleadings/ add parties: closed
- Initial experts: January 22, 2027
- Rebuttal experts: February 22, 2027
- Discovery cutoff: March 22, 2027
- Dispositive motions: April 20, 2027
- Joint proposed pretrial order: May 21, 2027, or 30 days after resolution of dispositive motions

The parties must diligently conduct discovery. No further extensions will be granted.

IT IS SO ORDERED.

Dated: November 24, 2026.

Nancy J. Koppe
United States Magistrate Judge